## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## LOCAL 182, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.

Nos. 73, 74, Dockets 32267, 32268.

United States Court of Appeals
Second Circuit.

Argued Sept. 19, 1968.

Decided Oct. 3, 1968.

Certiorari Denied March 10, 1969.
See 89 S.Ct. 1010.

John E. Nevins, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, John D. Burgoyne, Washington, D. C., on the brief), for petitioner.

George Schiro, Utica, N. Y., on the brief, for respondent.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order against Local 182, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The Board found that Local 182, by causing the discharge of Harold C. James by his employer, Associated Transport, Inc., violated sections 8(b) (1) (A) and 8(b) (2) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 158(b) (1) (A), (2), because the union had never properly notified James of his union membership and dues obligations under an existing union security clause. The Board's order contains the usual cease and desist and notice clauses; in ad-

dition, it requires Local 182 to notify the company and James in writing that it has no objection to the employment of James and to make James whole for any loss of pay. The Board's original and amended decisions are reported at 156 N.L.R.B. 335 (1965) and 169 N.L.R.B. No. 164 (1968).

■ Despite the apocalyptic overtones in respondent's brief, e. g., the Board's decision is described as "spawning chaos in the Trucking Industry and in Labor-Management relations," the basic issues before us are narrow: (1) What was the obligation of Local 182 under the Act and (2) did Local 182 meet that requirement? As to the former, the Board held that a union, which seeks to enforce a union security provision against an employee, has a fiduciary duty to deal fairly with him, requiring at the minimum "that the union inform the employee of his obligations in order that the employee may take whatever action is necessary to protect his job tenure." NLRB v. Hotel Employees Local 568, 320 F.2d 254, 258 (3d Cir. 1963). Section 8 (a) (3) of the Act does permit a union operating under a union security clause to cause an employer to discriminate against a union member expelled for non-payment of dues. 29 U.S.C. § 158(a) (3). But the Board has fleshed out the statute by requiring the union to give reasonable notice to an employee that he will lose his job for non-payment of dues. Perhaps it would have been better in the first instance for the Board to have used its rule-making power to formulate such a "rule." See Friendly, Benchmarks 143–48 (1967). But the rule is now recognized, see, e. g., NLRB v. Hotel, Motel and Club Employees Local 568, supra; International Union of Electrical Workers Local 801 v. NLRB, 113 U.S.App. D.C., 342, 307 F.2d 679, cert. denied, 371 U.S. 936, 83 S.Ct. 307, 9 L.Ed.2d 270 (1962), and we regard it as reasonable.

■ As to whether Local 182 met its obligation, the evidence before the Board showed that: James had been a non-union employee of the company for five out of eight years; it was not clear which of two Teamster locals had jurisdiction over him, although at one time James was a member of Local 182; he was never notified of his expulsion in 1963 from that Local; he worked steadily for nearly two years thereafter without payment of dues or protest from Local 182; in this period, a union security clause was put into effect (as far as the record shows, for the first time); and almost ten months after that, James was discharged without warning or notice. The Board found on this record that Local 182 "never properly apprised James that he was required to join that labor organization under the existing union security clause." The Board argues that on this history of indifference by two locals, Local 182 was required at a minimum to tell James that under the new contract it would no longer tolerate his non-membership and failure to pay dues. We agree.

Order enforced.